IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In the Matter of the Tracking of the Cellular Telephone Assigned Call Number **(951) 746-6173** | No. 21-3238 MB<br><br>**TRACKING WARRANT**<br><br>**(Under Seal)** |
|---|---|

This matter having come before the Court pursuant to an Application for Tracking Warrant submitted pursuant to Title 18, United States Code (U.S.C.), Section 2703(c)(1)(A) and Federal Rule Criminal Procedure 41, to obtain information about the location of the cellular telephone assigned call number **(951) 746-6173** with (hereafter referred to as the "Target Cellular Telephone"), whose service provider is Verizon (hereafter referred to, collectively with any other communication service provider as defined in 18 U.S.C. § 2510(15) which may provide service to the Target Cellular Telephone during the authorization period, as the "Service Provider"), and the Court having found that the Application for Tracking Warrant and Affidavit filed in support thereof establish probable cause to believe the requested location information will constitute evidence of violations of federal law,

**IT IS HEREBY ORDERED** that the Service Provider shall disclose to agents of The Bureau of Alcohol, Tobacco, Firearms and Explosives (hereafter referred to as the "Requesting Agency") all information about the location of the Target Cellular Telephone that is within the possession, custody, or control of Service Provider, including all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering

specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Target Cellular Telephone (hereafter referred to as the "Location Information").

**IT IS FURTHER ORDERED** that the Service Provider shall assist agents of the Requesting Agency by furnishing all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Service Provider's services, including by initiating a signal to determine the location of the Target Cellular Telephone on Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

**IT IS FURTHER ORDERED** that the Service Provider shall have no more than 10 calendar days from the date of the Court's Order to begin furnishing the Requesting Agency with the Location Information.

**IT IS FURTHER ORDERED** that the Service Provider shall furnish the requested Location Information for a period of 45 days from the date of the Court's Order, during all times of the day and night.

**IT IS FURTHER ORDERED** that the Requesting Agency shall reasonably compensate Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

**IT IS FURTHER ORDERED** that the authorization to release the Requested Information shall be without geographic limits.

**IT IS FURTHER ORDERED** that this Order does not authorize the Service Provider to disclose the contents of any communications occurring over the Target Cellular Telephone.

**IT IS FURTHER ORDERED** that this authorization shall apply not only to the Target Cellular Telephone, but also to any changed telephone numbers assigned to any device bearing the same Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), International Mobile Subscriber Identifier (IMSI), Subscriber Identity Module ("SIM"), International Mobile Station Equipment Identity (IMEI), Mobile

Identification Number ("MIN"), or Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), as applicable, within the 45-day period.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 2703(c)(1)(A), that the Service Provider shall provide to the Requesting Agency call detail records with cell site information (tower and sector data) for the Target Cellular Telephone for the 30 days preceding the date of the Court's Order.

**IT IS FURTHER ORDERED** that the officer executing the warrant shall return the warrant to a United States Magistrate Judge on criminal duty in the District of Arizona within 10 days after the 45-day authorization period has ended, or within 10 days after the Requesting Agency determines it will no longer seek to obtain the Location Information, whichever occurs first. In making the return, the officer executing the warrant shall note the date and time the Court's Order was served on the Service Provider, the date and time the Requesting Agency began receiving the Location Information, and the date and time the Requesting Agency stopped receiving the Location Information.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(1)(C), that the officer executing the tracking warrant shall serve a copy of the warrant and return on the person whose telephone was tracked within 30 days after the collection authorized by the warrant has been completed. The Court finds there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. The Court finds providing immediate notice to the subscriber or user of the Target Cellular Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d)(2), that the Service Provider, its agents and employees, and any other person or entity whose assistance facilitates the execution of this order, shall not disclose in any manner, directly or indirectly, by any action or inaction, to the subscriber or any other person, the existence

of this Application for Tracking Warrant and Order, the release of the Location Information, or the investigation, for 180 days from the expiration of the Court's Order, unless further extensions are granted by the Court, except that the Service Provider may disclose the Order to an attorney for the Service Provider for the purpose of receiving legal advice, because there is reason to believe that such notification will endanger the life or physical safety of a confidential source and/or undercover officer, prompt the target(s) to flee from prosecution or destroy or tamper with evidence, prompt the intimidation of witnesses, and otherwise seriously jeopardize an investigation.

**IT IS FURTHER ORDER** that the Application for Tracking Warrant, the Affidavit in support thereof, this Order, and the Tracking Warrant Return, except for complying with Fed. R. Crim. P. 41(f), be sealed for 180 days from the expiration of the warrant unless extensions are granted by the Court.

Dated this \_\_1\_\_ day of \_\_Nov\_\_, 2021.

_M Morrissey_
HONORABLE MICHAEL T. MORRISSEY
United States Magistrate Judge

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

Addison Santomé
Assistant U.S. Attorney
Arizona State Bar No. 032163
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: ASantome@usa.doj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In the Matter of the Tracking of the Cellular Telephone Assigned Call Number **(951) 746-6173** | No. 21-3238 MB<br><br>**APPLICATION FOR TRACKING WARRANT**<br><br>**(Under Seal)** |
|---|---|

Addison Santomé ("Applicant"), an attorney for the government, respectfully submits this application to the Court for a tracking warrant, pursuant to Title 18, United States Code (U.S.C.), Section 2703(c)(1)(A) and Federal Rule Criminal Procedure 41, to obtain information about the location of the cellular telephone assigned call number (951) 746-6173 (hereafter referred to as the "Target Cellular Telephone"), whose service provider is Verizon (hereafter referred to, collectively with any other communication service provider as defined in 18 U.S.C. § 2510(15) which may provide service to the Target Cellular Telephone during the authorization period, as the "Service Provider").

In support of this application, Applicant states the following:

1. Applicant is an "attorney for the government" as defined in Fed. R. Crim. P. 1(b)(1)(B), and therefore, pursuant to Fed. R. Crim. P. 41(b) and 18 U.S.C. § 3122(b)(1), may apply for a search and seizure warrant and a pen register, trap and trace device.

2. The Bureau of Alcohol, Tobacco, Firearms and Explosives (hereafter referred to as the "Requesting Agency") is conducting a criminal investigation of possible

violations of **18 U.S.C. Section 922(g)(1), Possession of a Firearm by a Prohibited Possessor,** as set forth in the attached Affidavit by Special Agent Clayton Gum. Applicant submits that the facts set forth in the attached Affidavit establish probable cause to believe that a target of the investigation is using the Target Cellular Telephone in furtherance of the subject offenses.

3. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2711, 2703(a), and 2703(c)(1)(A). Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) that … has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As described in the attached Affidavit, the investigation pertains to federal crimes committed in Arizona. As a result, the warrant can be issued and executed in Arizona regardless of where the Service Provider and Target Cellular Telephone are located.

4. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

## AUTHORIZATION REQUEST

5. Applicant requests that the Court direct Service Provider to disclose to the government all information about the location of the Target Cellular Telephone that is within the possession, custody, or control of Service Provider, including all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Target Cellular Telephone (hereafter referred to as the "Location Information").

6. Applicant further requests that the Court direct Service Provider to furnish

- 2 -

the government with all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Service Provider's services, including by initiating a signal to determine the location of the Target Cellular Telephone on Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

7. Applicant further requests that the Court direct Service Provider to furnish the requested Location Information for a period of 45 days from the date of the Court's Order, and during all times of the day and night, owing to the potential need to locate the Target Cellular Telephone outside of daytime hours.

8. Applicant further requests that the authorization given be intended to apply not only to the Target Cellular Telephone, but also to any changed telephone numbers assigned to any device bearing the same Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), International Mobile Subscriber Identifier (IMSI), Subscriber Identity Module ("SIM"), International Mobile Station Equipment Identity (IMEI), Mobile Identification Number ("MIN"), or Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), as applicable, within the 45-day period.

9. Applicant further requests that the Court order the Service Provider, pursuant to 18 U.S.C. § 2703(c)(1)(A), to provide to the Requesting Agency call detail records with cell site information for the Target Cellular Telephone for the 30 days preceding the date of the Court's Order.

10. Pursuant to Fed. R. Crim. P. 41(f)(1)(C), the officer executing the warrant must serve a copy of the tracking warrant and return on the person whose telephone was tracked. Applicant requests, pursuant to 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(f)(3), that the Court authorize the officer executing the warrant to delay notice to the person until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have

an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). The proposed warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2).

11. Applicant further requests, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d)(2), that the Court's Order direct the Service Provider, its agents and employees, and any other person or entity whose assistance facilitates the execution of this order, not to disclose in any manner, directly or indirectly, by any action or inaction, to the subscriber or any other person, the existence of this Application for Tracking Warrant and Order, the release of the Location Information, or the investigation, for 180 days from the expiration of the Court's Order, unless further extensions are granted by the Court, except that the Service Provider may disclose the Order to an attorney for the Service Provider for the purpose of receiving legal advice, because there is reason to believe that such notification will endanger the life or physical safety of a confidential source and/or undercover officer, prompt the target to flee from prosecution or destroy or tamper with evidence, prompt the intimidation of witnesses, and otherwise seriously jeopardize an investigation.

12. For the foregoing reasons, Applicant further requests that the Court order this Application for Tracking Warrant, the Affidavit in support thereof, the Court's Order, and the Tracking Warrant Return, except for complying with Fed. R. Crim. P. 41(f), be sealed for 180 days from the expiration of the warrant unless extensions are granted by the Court.

Respectfully submitted this _1_ day of November, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

ADDISON SANTOME
Digitally signed by ADDISON SANTOME
Date: 2021.11.01 14:45:36 -07'00'

Addison Santomé
Assistant U.S. Attorney

- 4 -

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Clayton Gum, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, hereby depose and state:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1. Your Affiant makes this Affidavit in support of an application for a tracking warrant under Federal Rule of Criminal Procedure 41 and Title 18, United States Code (U.S.C.), Section 2703(c)(1)(A) to obtain information about the location of the cellular telephone assigned call number (951) 746-6173 (hereafter referred to as the "Target Cellular Telephone"), whose service provider is Verizon (hereafter referred to as "Service Provider). The Target Cellular Telephone is subscribed to Jeff Mills. The Target Cellular Telephone is believed to be utilized by Jeffrey Robert MILLS.

2. Your Affiant is a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and has been since October 24, 2020. As a Special Agent, I have received training in federal firearms and narcotics laws and regulations at the ATF National Academy and Federal Law Enforcement Criminal Investigator Training Program. I regularly refer to state and federal firearms and narcotics laws and regulations during my duties. Prior to my career with ATF, I was a Trooper with the Indiana State Police for seven (7) years. While working for the Indiana State Police, I was assigned as a Detective to the Drug Enforcement Section from 2016 to 2020.

3. The facts contained in this Affidavit are based in part on information provided to your Affiant by other law enforcement officers, either directly or indirectly through their reports or affidavits. Your Affiant also relies on my own experience, training, and background in evaluating this information.

4. Since this Affidavit is being submitted for the limited purpose of securing authorization to obtain information about the location of a cellular telephone, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only those facts that I believe are necessary to establish the required foundation for an order authorizing the acquisition of location information for the Target Cellular Telephone.

1

5. Based on the facts set forth in this Affidavit, your Affiant submits there is probable cause to believe that violations of **18 U.S.C. Section 922(g)(1), Possession of a Firearm by a Prohibited Possessor,** have been committed, are being committed, and will be committed by the user of the Target Cellular Telephone. There is also probable cause to believe that the location information described herein will constitute evidence of these criminal violations, will lead to the identification of individuals who are engaged in the commission of these offenses, and will assist law enforcement in locating the user of the Target Cellular Telephone.

## BACKGROUND OF INVESTIGATION

6. On July 23, 2021, ATF SA Cole Jones, SA Clayton Gum, and Resident Agent in Charge (RAC) Rustin Wayas interviewed Blair David BOYLE at his residence located in Bullhead City, Arizona. SA Jones explained to BOYLE that the ATF was there to speak with him because he had purchased approximately seventy-nine (79) firearms of similar make, model, and caliber since May of 2020. BOYLE explained to SA Jones that he purchases firearms, cleans them up, and resells them. SA Jones asked BOYLE if he makes any money when he sells firearms, and BOYLE stated that if he does it is "ten or twenty bucks". BOYLE also stated he loses money on some firearms that he sells as it is a hobby, not a business.

7. BOYLE stated he asks the people purchasing his firearms if they are felons and Arizona residents. Additionally, he always does a bill of sale for the purchases. BOYLE stated he uses a form for the transactions similar to an ATF Form 4473. BOYLE provided Agents with copies of all bills of sale.

8. On July 30, 2021, SA Jones reviewed the bill of sale records used by BOYLE to sell firearms. BOYLE used the same template form to document all firearm sales. This template included, as relevant to our investigation, the name, address and driver's license number of the purchaser.

## CURRENT INVESTIGATION

9. On July 30, 2021, SA Cole Jones reviewed the bill of sale records used by BOYLE to sell firearms. SA Jones discovered twenty-nine (29) firearm transactions between BOYLE and Jeffrey Robert MILLS.

10. A record check of the driver's license number provided by MILLS on the bills of sale revealed that number belong to Jeffrey Robert MILLS, DOB: 0XX/XX/1982. The address on the Arizona Identification matched the Arizona address provided on the bill of sale.

11. MILLS criminal history revealed the following felony convictions:
    a. Motor Vehicle Theft (Rancho, California, 2005)
    b. Possession of a Controlled Substance (Riverside, CA, 2006)
    c. Possession of a Stolen Vehicle (Riverside, CA, 2006)
    d. Motor Vehicle Theft (Riverside, CA, 2006)
    e. Felon in Possession of a Firearm (Riverside, CA, 2009)
    f. Felon in Possession of a Firearm (Riverside, CA, 2011)

12. Agents obtained the certified convictions for MILLS.

13. On August 4, 2021, SA Jones interviewed Blair BOYLE at his residence regarding MILLS. BOYLE described MILLS to be approximately 45 years old, 5'9" tall, with brown hair and an estimated weight of 160 pounds.

14. BOYLE stated MILLS would contact him using the number 951-746-6173 to purchase firearms. All communication regarding the transaction was conducted over the phone. All firearm transactions took place at BOYLE's residence.

15. On August 20, 2021, SA Jones presented to BOYLE a photo lineup which contained MILLS in position #4. SA Jones informed BOYLE that the photo lineup was being used to identify MILLS, who according to BOYLE's bills of sale had purchased 29 firearms from BOYLE. BOYLE reviewed the lineup for approximately 36 seconds before informing SA Jones he was done. BOYLE pointed to position #4 and informed SA Jones that MILLS was located in position #4 in the lineup. BOYLE signed his initials "BB" under position #4.

16. On August 20, 2021, BOYLE informed Agents that on August 19, 2021, Teri WILLIS (BOYLE's girlfriend) received a message on the phone application "Telegram" from an account labeled "Jeff Mills". The message stated, "hey blair". WILLIS showed SA Jones the message, and SA Jones observed the phone number associated with the Telegram account "Jeff Mills" was 951-746-6173

17. Records checks on the telephone number 951-746-6173 indicated that the cellular phone company providing service to the phone number is Verizon, and the subscriber was Jeff Mills.

### Attempts to Locate MILLS

18. On August 20, 2021 SA Jones conducted surveillance at the Arizona address provided by MILLS on the bills of sale. SA Jones observed a white and black "Genesis Supreme" travel trailer bearing an Arizona license plate. A records check revealed the trailer was registered to Jeffrey Robert MILLS, DOB: XX/XX/1982. SA Jones also spoke with the property manager and obtained a list of the tenants at the property. SA Jones discovered that lot 195 was being rented by "Jeff and Erin Mills".

19. To date, MILLS has not been seen at the Arizona address during surveillance.

20. In addition to the Arizona address, it was discovered that MILLS has an active California driver's license, issued on April 2, 2020 and expiring on April 6, 2025. The address associate to the California driver's license is 31284 Twilight Vista Drive, Menifee, CA, 92584 ("Twilight Address").

21. However, license plate readers have placed vehicles known to be registered to MILLS parked at 28585 Chaparral View Dries in Menifee, CA ("Chaparral View Address").

22. Surveillance conducted at the end of September in 2021 at the Chaparral View Address has confirmed the vehicle to be present, but MILLS has not been seen.

23. The location data associated with MILLS number will help law enforcement locate MILLS and potentially the location of the firearms.

24. In my training and experience, your Affiant has learned that Service Provider is a company that provides cellular telephone access to the general public. Your Affiant

also knows that cellular telephone service providers have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data, and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the telephone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

25. Based on my training and experience, your Affiant knows that Service Provider can collect cell-site data about the Target Cellular Telephone. Based on my training and experience, your Affiant knows that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. Your Affiant also knows that wireless providers such as Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

//

//

26. Based on the foregoing, your Affiant requests that the Court issue the proposed tracking warrant, pursuant to Fed. R. Crim. P. 41 and 18 U.S.C. § 2703(c), as set forth in the attached Application for Tracking Warrant.

_____
Digitally signed by Clayton Gum
Date: 2021.11.01 14:41:38 -07'00'

Clayton Gum
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

SUBSCRIBED AND SWORN TO TELEPHONICALLY BEFORE ME THIS __1__ DAY OF NOVEMBER, 2021.

_____
M Morrissey

HONORABLE MICHAEL T. MORRISSEY
United States Magistrate Judge

6